UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENNETHA SHORT and
PERNELL JONES, SR. in their
capacity as administrator of the
ESTATE OF TYSHON JONES,

                         Plaintiff

  -v-

CITY OF ROCHESTER,

                         Defendant

**DISCOVERY DECLARATION**

**Case No.: 22-cv-6263**

---

       Lt. Michael Ciulla, declares the following under penalty of perjury:

1. I am a Lieutenant with the Rochester Police Department assigned as commanding officer of the Professional Standards Section.

2. In such capacity, I am responsible for the Rochester Police Department training and evaluation files for the Rochester Police Department.

3. In such capacity, I was asked by attorney Patrick Naylon of the City of Rochester Law Department to perform a search for the training records of five officers identified by the plaintiffs' attorneys. This was among many searches conducted for the law department relative to this particular action.

4. I directed that the identified officers' files maintained by the Professional Development Section be copied by the civilian clerk assigned to my section. Said search was conducted and the responsive records constituting the officers PDS files were produced by me to the City's law department. I understand those records in-turn were provided to plaintiffs' counsel.

5. Thereafter, counsel for the plaintiffs identified certain "gaps" in the records which were periods of time that they believed certain records should exist but were not provided.

6. Based upon the prior production of records, I did not believe there were any records that were not provided.

7. Nevertheless, as requested by counsel for the City, yet another search for the purported records relating to the reported "gaps" was conducted by the Professional Development Section.

8. This search involved the physical review of the five officers' files for the purpose of determining whether there were any documents to fill in the "gaps", if you will, from the prior production of copies of the officers' files.

9. Again, the search did not reveal that any such documents exist and the initial disclosure included all of the documents located.

10. I understand plaintiffs assert that a General Order suggests that copies of the evaluations are supposed to be in the officers' "personnel" files. Notably, to the extent that the evaluations are not in the PDS files, they necessarily cannot be copied to officer "personnel" files.

11. Accordingly, the City of Rochester received plaintiffs document request, searched for responsive documents, provided responsive documents, and no additional documents identified as "gap" documents are known to exist.

I attest to the foregoing under penalty of perjury by the laws of the United States.

_____
Lt. Michael Ciulla
Rochester Police Department
Professional Standards Section

Date: June 11, 2024.