UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Kennetha Short, et al.,**

        Plaintiffs,

v.

**City of Rochester, et al.,**

        Defendants.

**DECISION and ORDER**

22-cv-6263-EAW-MJP

---

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | **Madeline More, Esq.**<br>**Ian Daniel Eppler, Esq.**<br>**David Kleban, Esq.**<br>**Henry R. Ricardo, Esq.**<br>Patterson, Belknap,<br>Webb & Tyler<br>1133 Avenue of the Americas<br>New York, NY |
| For Defendant: | **Patrick B. Naylon, Esq.**<br>City of Rochester<br>Department of Law<br>30 Church St, Ste 400A<br>Rochester, NY 14614 |

## INTRODUCTION

**Pedersen, M.J.** The City of Rochester moves to stay discovery while the Hon. Elizabeth A. Wolford, Chief Judge, decides the City's motion for summary judgment. This Court must answer the question of whether a stay is warranted.

1

BACKGROUND

To consider the City's motion for a stay, the Court reviewed Plaintiff Kennetha Short's complaint. The Court assumes familiarity with the complaint, (ECF No. 1, June 8, 2022), and with Chief Judge Wolford's decision about the City's earlier motion to dismiss. (ECF No. 23, Dec. 29, 2022.)

The Court likewise reviewed body-worn camera footage that the City provided. (Naylon Decl. in Supp. of Mot. for Stay ("Naylon Decl.") Ex. A, ECF No. 96-2, May 15, 2024 (on file).) The Court declines to rely on the body-worn camera footage in ruling on this motion.[1]

**Short, as administrator for Jones' estate, sues the City and the officers who killed Jones.**

Relevant here, Tyshon Jones is Kennetha Short's son. Rochester Police Officers shot Jones during a confrontation in the wee hours of a

---

[1] *First*, the Court is not certain it is appropriate to rely on evidence that could be subject to objection or require threshold analysis to decide the City's motion for a stay. This Court held no hearing, and Short argues that this evidence needs context. While that seems to go to weight—not admissibility—the Court declines to analyze whether it may consider the body-worn camera footage if it need not do so. This is especially so when discovery has borne out Chief Judge Wolford's earlier observation that "there are multiple recordings of the incident at the center of this lawsuit[.]" (Decision & Order at 7, ECF No. 23.)

*Second*, the Court hesitates to make factual findings based on body-worn camera footage that the Chief Judge may also consider in rendering her decision on the City's summary judgment motion.

*Third*, and in any event, the Court has determined that it is able to decide this motion based only on the motion papers, pleadings, and other submissions in this case. The Court thus need not recount or analyze the body-worn camera footage.

winter morning in March 2021. (Compl. ¶¶ 37, 42–50, ECF No. 1.) Medical personnel later pronounced Jones dead at the University of Rochester Medical Center. (*Id.* ¶ 54.)

After Rochester Police Department ("RPD") officers killed Jones, Short sued the City. Kennetha Short, Jones' mother, and Pernell Jones, Sr., Jones' father, administer Jones' estate. The Court refers to them together as "Short" to accord with the caption of this case. Short brings claims under the ADA, the Rehabilitation Act, and Section 1983, not to mention state law claims for battery, assault, and wrongful death. (*Id.* ¶ 7.)

**This case is referred to the undersigned for non-dispositive matters, including the pending motion for a stay.**

After initial motion practice and Chief Judge Wolford's decision, the Chief Judge referred this case to the undersigned. (Text Order of Referral, ECF No. 25, Jan. 10, 2023.) With that referral in mind, the Court must decide the City's motion for a stay, filed in anticipation of the City's later motion for summary judgment.

While the City's motion for a stay initially asked to stay only *Monell* discovery, the Court permitted the City to amend its motion during oral argument. (Oral Arg. Tr. ("Tr.") 17:21–24.) The Court gave Short the option of submitting additional briefing on the City's expanded motion. (Tr. 17:25–18:2; *see also* Text Order, ECF No. 119, June 28, 2024.)

Short declined. (Tr. 18:3–5 (noting that Short was opting to rest on her letter submission at ECF No. 121).) This motion is thus ripe for decision.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Sharma v. Open Door NY Home Care Servs.*, Inc., 345 F.R.D. 565, 567–68 (E.D.N.Y. 2024) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts may accordingly stay discovery pending the outcome of a dispositive motion. *Transunion v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987).

But the Federal Rules do not gift any defendant an automatic stay merely because that defendant files a dispositive motion. *See Allah v. Latona*, 522 F. Supp. 3d 1, 2 (W.D.N.Y. 2021) ("The Federal Rules of Civil Procedure do not automatically call for a stay of discovery when a motion to dismiss is filed, and 'discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.'" (quoting *Hong Leong Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013))). A defendant may not hold up a case by filing a dispositive motion.

Instead, the Federal Rules entrust the Court with the discretion to determine if a stay is warranted. *Kaplan v. Lebanese Canadian Bank,*

*SAL*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022) ("Courts have considerable discretion to stay [discovery] upon a showing of good cause." (alteration added) (citing *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018))). The Court likewise has "wide latitude to determine the scope of discovery." *In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008); *see also* Fed. R. Civ. P. 26(d) (permitting the Court to control the sequence and timing of discovery). That discretion should be exercised carefully and only after "look[ing] to the particular circumstances and posture of [the] case." *Allah*, 522 F. Supp. 3d at 2 (alterations added) (quoting *Hong Leong Ltd. (Singapore)*, 297 F.R.D. at 72).

Even considering this discretion, the moving party must show good cause and prevail on the factors courts use. *See Sharma*, 345 F.R.D. at 568 ("The burden is on the movant to establish that a stay is warranted." (quotation omitted)). Then, the party seeking a stay must prevail on three factors:

- "(1) the breadth of discovery sought"
- "(2) any prejudice that would result"
- "and (3) the strength of the motion."

*Allah*, 522 F. Supp. 3d at 2 (reformatted as a list) (quoting *Hong Leong Ltd. (Singapore)*, 297 F.R.D. at 72).

"While various district courts debate which of the three factors is the most important, 'there can be little doubt that simplification of the

5

issues and prejudice to the opposing party are more important than the case's state of completion.'" *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273–74 (E.D.N.Y. 2024) (quoting *OV Loop, Inc. v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023)), *magistrate judge's order aff'd*, ___ F. Supp. 3d ___, No. 23CV1215MKBJAM, 2024 WL 1672282 (E.D.N.Y. Apr. 18, 2024).

"In a lawsuit containing a *Monell* claim, if the plaintiff cannot show that his or her constitutional rights were violated by any individual defendants, the *Monell* claim will also fail." *Oliver v. City of New York*, 540 F. Supp. 3d 434, 436 (S.D.N.Y. 2021) (citing *Askins v. Doe*, 727 F.3d 248, 253–54 (2d Cir. 2013)). "Following these principles, courts often stay discovery on *Monell* claims until enough information is available on the individual claims—either at the close of discovery or following summary judgment—to assess the strength of a claim that a constitutional violation actually took place." *Id.* (citing *Roper v. City of New York*, No. 15CIV8899PAEGWG, 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017)); *see also Wyatt v. City of Lackawanna*, No. 1:17-CV-446-WKS, 2024 WL 945956, at *3 (W.D.N.Y. Feb. 6, 2024) ("As a general matter, courts in the Second Circuit favor bifurcation of *Monell* discovery until at least a plaintiff has survived summary judgment on the underlying

6

issues of any individual state actor in fact violated plaintiff's constitutional rights." (quoting *Gugino v. City of Buffalo*, No. 21-CV-283V(F), 2022 WL 5240162, at *2 (W.D.N.Y. Oct. 6, 2022))).

## DISCUSSION

While the City filed its stay motion before filing its motion for summary judgment, the Court still finds that the City "establish[es] 'good cause'" because it plainly stated it would file "a dispositive motion" within a short period of time and did so. *Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 66 (D. Conn. 2010) (citation omitted). Courts do not, in any event, require that the motion be filed simultaneously. *See, e.g., Sharma*, 345 F.R.D. at 568 (finding good cause based on "the strength of Defendant's anticipated motion"). Moreover, the Court finds good cause because if the City's motion succeeds, partially or entirely, "the parties could avoid substantial burden and [the] waste of precious resources." *Id.* (quoting *Amron v. 3M Minnesota Mining & Mfg. Co.*, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024)). The Court thus proceeds to discuss the three factors.

**The Court declines to consider the strength factor in depth, noting only that the City's motion for summary judgment could resolve all claims and presents substantial arguments for dismissal.**

The Court begins with a discussion of arguably the least important factor: The strength of the City's motion. In its broad discretion to consider whether a stay is warranted, the Court declines to analyze

7

the strength factor extensively. *See In re Term Commodities Cotton Futures Litig.*, No. 12 CIV. 5126 ALC KNF, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) ("Although courts in this circuit, in determining a motion to stay discovery pending a motion to dismiss, have considered whether the motion to dismiss has 'substantial grounds' or '[does] not appear to be without foundation in law,' … the Court believes that these considerations are appropriate where the same court is deciding both the motion to stay discovery and the motion to dismiss." (internal citation omitted) (collecting cases) (quoting *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 210–11 (S.D.N.Y. 1991))).

The Court does so because "where different courts are deciding the stay motion and" the dispositive motion, "it is a waste of judicial resources for the court deciding the stay motion to consider the strength of the motion to dismiss as a factor in determining the stay motion[] because it represents an unnecessary and unjustified duplication of efforts." *Id.* (citing *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)). Beyond that, this Court believes the District Court should determine the merits of the City's summary judgment motion alone, that is, without a preview from this Court. "Accordingly, instead of considering the strength of the defendants' motion to dismiss, the Court will consider the fact that the defendants 'filed a dispositive

8

motion.'" *Id.* (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).

With that, the Court makes several notes about the strength factor. *First*, the City has filed a dispositive motion concerning all of Short's claims. The City amended its stay motion to correspond to all of Short's claims during oral argument.

*Second*, "while the resolution of" the City's summary judgment motion "is for another day"—and another Judge—"a pe[e]k at the motion indicates that, at the very least, it 'may shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery.'" *TentandTable.com, LLC v. Aljibouri*, No. 22-CV-78-LJV-MJR, 2022 WL 2009528, at *1 (W.D.N.Y. June 6, 2022) (quoting *Buffalo Emergency Assocs., LLP v. Unitedhealth Grp., Inc.*, No. 19-CV-1148S, 2020 WL 3259252, at *1 (W.D.N.Y. June 16, 2020). Again, the City has moved for summary judgment "to dismiss all" of Short's claims. *Id.*

*Finally*, having reviewed the parties' arguments and summary judgment briefing, the Court finds *only* that this factor does not overcome the others. Although the City presents "substantial arguments for dismissal," Short's opposition also appear viable. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (quoting *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72).

9

**While the Court does not consider all discovery produced in this case, it finds that the burden factor favors the City.**

While the Court concludes that this factor favors the City, the Court declines the City's invitation to consider all earlier discovery in this case, focusing instead on the burden posed by continuing discovery. The Court uses "continuing" because, in this Court's view, the burden factor is forward-looking, not retrospective.

The City makes much of the discovery it has already produced. True, this has been a "document-rich case," *Buffalo Emergency Assocs., LLP*, 2020 WL 3259252, at *1. Short has sent the City seven sets of requests for production from October 2022 to just last month. (Naylon Decl. ¶ 5 & Ex. B; Attachment to Naylon Letter, ECF No. 122-1, July 2, 2024.) Together, Short has served "nearly [a] hundred demands," and the City has produced "thousands of documents" to Short. (Naylon Decl. ¶¶ 4–5, 7, 10 & Ex. D, ECF No. 96-2, May 15, 2024.)

But the burden factor asks about the "breadth of discovery sought," not whether the moving party has already produced extensive discovery. *Allah*, 522 F. Supp. 3d at 2. Although the Court acknowledges that past discovery illustrates—to some extent—that Short will continue seeking extensive discovery in the future, the Court otherwise places no weight on what the City has already had to produce. *Cf. Buffalo Emergency Assocs.*, LLP, 2020 WL 3259252, at *1 ("Defendants have filed a comprehensive motion to dismiss that, at the very least, may

shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery.").

Here, the City has already "assembled responsive information" for this case; there is no burden or prejudice posed by the discovery the City has already put together and handed over to Short. *Guadalupe v. City of New York*, No. 15CIV0220CMJCF, 2016 WL 675440, at *1 (S.D.N.Y. 2016). This factor, therefore, hinges primarily on what discovery remains.

> *The remaining discovery poses a significant burden, favoring the City's motion for a stay.*

What remains is extensive enough that this factor favors the City.[2] The City faces the prospect of electronic discovery, including sifting through thousands (if not tens or hundreds of thousands) of emails from numerous custodians.

While the City faces non-electronic discovery requests as well, the Court starts with the emails that the City must produce. In late 2023, Short filed a lengthy letter (with exhibits) asking the Court to address the City's alleged failure to produce discovery that Short had requested. (ECF No. 61, Dec. 22, 2023.) Short indicated that the City had failed to produce entire categories of documents, including "emails responsive to

---

[2] Short argues that most discovery in this case is complete. That argument is unpersuasive. It does not follow that because most discovery may be complete that the remaining discovery is not extensive and thus not burdensome for purposes of deciding this motion to stay.

11

four agreed-to search queries." (*Id.* at 1.) There are at least eight queries. (*Id.*) Citing an overwhelmed IT Department, (Naylon Decl. ¶ 10, ECF No. 96-2), the City has yet to produce a meaningful number of responsive emails. (Short Letter at 2, ECF No. 121, July 1, 2024.) This alone places a substantial burden on the City: E-discovery around emails here will involve numerous custodians, search terms, and requests. *See Heinert v. Bank of Am., N.A.*, No. 19-CV-6081L, 2019 WL 1778145, at *2 (W.D.N.Y. Apr. 23, 2019) (finding that the burden factor favored a stay based on "the broad and burdensome nature of the requested discovery (which seeks information from numerous persons, and requests broad categories of documents and electronic discovery)"). Discovery in this case will involve many custodians beyond the RPD officers involved in Jones' death.

Short also seeks a trove of discovery about the officers involved in Jones' death and their training. This includes in-service training materials that Short believes are relevant or could produce relevant information. (Naylon Decl. in Supp. of Stay Mot. ¶ 7 & Ex. E, ECF No. 96-2 (attaching a letter from Short's attorneys "requesting all 'presentations, pre-tests, post[-]tests, evaluations, role[-]playing exercise materials worksheets, and all other written materials' used in fifty-two different training sessions between 2015 and 2023" (quotation omitted)).) The

City avers that these demands would "serious burden" the City "in having to respond." (*Id.* ¶ 7.)

The City must also provide responses to document requests: On the same day that the Court held oral argument, Short served a seventh set of requests for production. (Letter & Ex. 1, ECF Nos. 122 & 122-1, July 2, 2024 ("After argument today, counsel for [P]laintiff[s] served the attached Request for Production. This is exactly why the City moved for a stay of discovery." (alterations added)).) A review of these demands shows that they will be burdensome, requesting documents from 2012 or 2016 to the present. (*See generally id.*) Thus far, this factor favors the City because the City's motion "may obviate the need for potentially onerous discovery." *Josie-Delerme v. Am. Gen. Fin. Corp.*, No. CV 2008-3166 NG/MDG, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009); *see also Sharma*, 345 F.R.D. at 569 (same).

Along with e-discovery, the Court is aware that the parties have, and absent a stay will continue to have, "discovery disputes that will need resolution if the matter proceeds." *Picture Pats., LLC v. Terra Holdings LLC*, No. 07 CIV. 5465 JGK/HBP, 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008) (noting "at least 17 discovery disputes," including over electronic discovery)). These disputes require Court resources. But the efforts of the Court and parties will be for naught if the City prevails on its motion. Indeed, during oral argument, the City noted that

13

it plans to oppose "subpoenas to non-parties that [Short's] counsel has issued." (Tr. 5:19–20.) The Court will, of course, address disputes if Chief Judge Wolford rules that Short needs certain discovery to oppose summary judgment under Fed. R. Civ. P. 56(d). The Court has structured its order accordingly. *See infra* at 18–19.

> *If the City loses—partially or entirely—on summary judgment, the Court cannot ease the burden of continuing discovery.*

The Court pauses to warn the City that if it loses its motion for summary judgment—in whole or part—this Court cannot ease the burden of discovery. Discovery will proceed.

The Court understands the difficulties posed by Short's demands, "particularly in the area of e-discovery," which "are overwhelming the City's IT [D]epartment, which is already significantly [over]worked." (Naylon Decl. ¶ 10, ECF No. 96-2.) But if the Chief Judge determines that Short is entitled to continue this case, or to discovery under Rule 56(d), the City will need to take steps—better staffing, an outside e-discovery vendor (something the Court might expect in a case of this size and complexity)—to keep this case on track. *See Stinson v. City of New York*, No. 10 CIV. 4228 RWS, 2015 WL 4610422, at *3 (S.D.N.Y. July 23, 2015) ("The Court is empowered to order even unduly burdensome electronic discovery if good cause is shown[.]" (citing Fed. R. Civ. P. 26(b)(2)(B)).

**The prejudice factor decidedly favors the City.**

Finally, Short's prejudice argument does not hold water. Short argues that a stay "would delay resolution of this case." (Oppn. to Mot for Stay at 11, ECF No. 106, June 5, 2024.) "Of course, some prejudice to [the plaintiff] is inherent in any delay[] but delay alone is insufficient to prevent a stay." *McCracken v. Verisma Sys., Inc.*, No. 14-CV-6248 FPG/MJP, 2020 WL 6280939, at *5 (W.D.N.Y. Oct. 27, 2020) (alterations added) (citing *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 88 (W.D.N.Y. 2011); *O'Sullivan v. Deutsche Bank AG*, No. 17CIV8709LTSGWG, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) ("However, the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." (citing *In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002))). Short needs to show delay *plus* something else. But here, Short fails to show the "plus" needed.

Short contends that delay, "as in any case," risks "written materials becoming unavailable or memories fading when depositions are ultimately taken." (Tr. 5:2–4.) This cannot serve as the *plus* that Short needs. These are "usual litigation risks that affect all [ ] parties equally,

15

regardless of the amount of time permitted for discovery." *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *7.

Short could have argued (but did not) that this case poses some unique risk: After all, Short has argued that the City failed to "fulfill[] its obligation to preserve relevant documents, including documents in possession of key third-party witnesses over which the City has [or had] control." (Mem. of Law in Oppn. to Mot. to Quash at 2, ECF No. 74, Jan. 25, 2024 (noting that the City neglected to issue a litigation hold to the officers until nearly two years after Short's notice of claim).) But Short did not raise this issue in the context of the stay motion. In the absence of adequate briefing, and in its discretion, the Court declines to consider this argument. *See Howard v. Cannon Indus., Inc.*, No. 11-CV-6100 CJS, 2012 WL 5373458, at *4 n.4 (W.D.N.Y. Oct. 30, 2012) ("Here, because Plaintiff did not have notice that Defendants would make this argument, the Court declines to consider it as part of the pending motion.").

Still, the Court finds it appropriate to ameliorate the risk of prejudice to Short. When the Chief Judge decides any portion of the pending motion for summary judgment (including under Fed. R. Civ. P. 56(d)), Short may request discovery deadlines after meeting and conferring with the City. If those deadlines are not met by either side, the Court will permit the aggrieved party or parties to bring a motion to compel.

16

If the Court grants such a motion to compel, it will likely award attorneys' fees or sanctions.

Finally, the Court has two reasons for finding that the prejudice factor favors the City. *First*, as discussed, the City faces a substantial discovery burden if this case continues. On this basis alone, the Court concludes that the City meets its burden of showing prejudice. *Thomas*, 2024 WL 21547, at *4 ("The party seeking a stay bears the burden of showing specifically how responding to discovery would be prejudicial." (citation omitted)). Here, the City may be forced to respond to discovery unnecessarily.

*Second*, as a "municipal entit[y]" that "provide[s] public services[] … Compliance with discovery in the posture of this case would result in a substantial diversion of public resources which may not ultimately be necessary in this action." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (alterations added). For the City, "it is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention … would be an unnecessary expense" if the City's anticipated motion for summary judgment is ultimately granted. *United States v. County of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999).

This is *not* carte blanche for the City to move to stay discovery in every case involving police misconduct. But the Court recognizes that

17

depositions of police officers not involved in the underling incident here, whose testimony would relate only to *Monell* or ADA issues like officer training, may disrupt RPD operations. (Tr. 5:21–24.) The Court thus concludes that the prejudice factor favors the City.

## CONCLUSION

"By conserving judicial resources, a stay will serve not only the interest[s] of the [Court], but also the interests of the [p]arties, the non-parties, and the public in 'an orderly and efficient use of judicial resources.'" *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009) (alterations added and quotation omitted). Here, a stay while the District Judge adjudicates the pending motion for summary judgment has "the advantage of simplifying and shortening discovery in the event that" some, or all of Short's claims, are resolved. *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (citing *Nietzke v. Williams*, 490 U.S. 319, 326–27 (1989)). The Court thus **STAYS** discovery as follows:

*First*, all discovery, including outstanding requests, is stayed until the District Court determines whether the City's summary judgment motion should be denied pursuant to Fed. R. Civ. P. 56(d).

*Second*, if the District Court determines that Short needs more discovery to oppose summary judgment pursuant to Rule 56(d), any such discovery the District Court orders is **automatically exempted** from

18

this stay. However, the stay will otherwise remain in effect until the summary judgment motion is fully decided.

*Finally*, if the District Court denies the City's motion for summary judgment on any claim or claims, or permits discovery under Rule 56(d), Short may immediately request from the undersigned deadlines for the City to produce discovery needed for the applicable claim(s), or under Rule 56(d), after meeting and conferring with the City's Counsel. The City's Counsel may propose alternate deadlines if desired.

**IT IS SO ORDERED.**

Dated:  August 29, 2024
       Rochester, NY    */s/ Mark W. Pedersen*
                        MARK W. PEDERSEN
                        United States Magistrate Judge