UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETHA SHORT and PERNELL JONES,
SR., *in their capacity as administrators of the
estate of Tyshon Jones*,

                       Plaintiffs,

     v.

CITY OF ROCHESTER,

                 Defendant.
_____

**DECISION AND ORDER**

6:22-CV-06263 EAW

## INTRODUCTION

Plaintiffs Kennetha Short and Pernell Jones, Sr. ("Plaintiffs"), in their capacity as administrators of the estate of Tyshon Jones ("Tyshon"), who was shot and killed by members of the Rochester Police Department ("RPD") in 2021, bring this action against Defendant City of Rochester ("Defendant"). (Dkt. 1). Plaintiffs allege claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.*, and 42 U.S.C. § 1983. (*Id.*). Plaintiffs also allege common law assault and battery claims, as well as a wrongful death claim under Article 5 of the New York Estates, Powers and Trusts Law ("EPTL"). (*Id.*).

Presently before the Court is Defendant's motion for summary judgment. (Dkt. 117). In opposition to Defendant's motion, Plaintiffs submit the declaration of Madeline J. More, Esq., pursuant to Federal Rule of Civil Procedure 56(d). (Dkt. 132). In that declaration, Ms. More states that additional discovery is necessary for Plaintiffs to respond

- 1 -

to Defendant's motion for summary judgment. (*See id.*). For the following reasons, Plaintiffs' Rule 56(d) request is granted, and Defendant's motion for summary judgment is denied without prejudice.

## PROCEDURAL BACKGROUND

On June 8, 2022, Plaintiffs filed their complaint. (Dkt. 1). Defendant filed a motion to dismiss on June 26, 2022. (Dkt. 4). Several months later, on November 14, 2022, Defendant filed a motion to stay discovery. (Dkt. 20). On December 29, 2022, the Court issued a Decision and Order denying Defendant's motion to dismiss. (Dkt. 23). In that same Decision and Order, the Court denied as moot Defendant's motion to stay. (*Id.*).

On January 10, 2023, Defendant answered Plaintiffs' initial complaint (Dkt. 24), and on the same day, the Court referred this case to the Honorable Mark W. Pedersen, United States Magistrate Judge, for all pretrial matters excluding dispositive motions (Dkt. 25). The parties began the discovery process before Judge Pedersen, who issued an initial case management order on March 1, 2023. (Dkt. 29). On August 22, 2023, Plaintiffs filed a motion for discovery (Dkt. 50), which Judge Pedersen granted on September 13, 2023 (Dkt. 51). At the same time, Judge Pedersen issued an amended case management order (Dkt. 52), and one week later, Defendant submitted an amended answer (Dkt. 53). On November 9, 2023, Judge Pedersen issued a second amended case management order (Dkt. 56), but shortly thereafter, Plaintiffs submitted a letter requesting that Judge Pedersen set deadlines for Defendant to produce certain necessary documents (Dkt. 61).

On January 4, 2024, Defendant filed a motion to quash Plaintiffs' subpoenas for several RPD officers' cellphone records, as well as for a protective order regarding those

same cellphone records. (Dkt. 63). Following oral argument, Judge Pedersen denied Defendant's motion to quash on March 14, 2024 (*see* Dkt. 82; Dkt. 83), and later that month, Judge Pedersen issued a third amended case management order (Dkt. 87).

On May 15, 2024, Defendant filed a motion to stay discovery "so that [it could] move for summary judgment on an expedited basis." (*See* Dkt. 96-1 at 8). On June 27, 2024, Defendant filed the present motion for summary judgment. (Dkt. 117). Plaintiffs filed response papers to the summary judgment motion on July 26, 2024 (Dkt. 125), and Defendant replied on August 26, 2024 (Dkt. 137). On August 30, 2024, Judge Pedersen issued a Decision and Order granting Defendant's motion to stay discovery. (Dkt. 138).

## <u>DISCUSSION</u>

Under Rule 56(d), "[i]f a nonmovant [on a summary judgment motion] shows . . . that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *see Com. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001) ("[W]hen a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion."). "A party seeking additional discovery under [Rule 56(d)] 'must file an affidavit [or declaration] explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant

- 3 -

has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" *Kozak v. Office Depot, Inc.*, No. 16-CV-943-LJV-JJM, 2025 WL 898979, at *7 (W.D.N.Y. Mar. 25, 2025) (quoting *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989)); *see Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995).

"Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000). "Indeed, 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). Ultimately, however, whether to permit additional discovery under Rule 56(d) is within the district court's discretion. *See id.*; *see also Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (recognizing "the district court's broad discretion to direct and manage the pre-trial discovery process").

Here, Plaintiffs assert that they need additional discovery in four different areas: (1) "documents related to the in-service training that [RPD] provides to its officers, including training on the use of force, de-escalation tactics, the use of less lethal weapons, and interactions with civilians in crisis"; (2) "emails from certain RPD officers who likely communicated about [Tyshon's shooting]"; (3) "documents from RPD databases housing records of investigations involving civilian complaints, police reports, and police discipline"; and (4) "documents related to the RPD's policies and training materials for the use of firearms, as well as documents related to the training that the [officers involved in

Tyshon's shooting] received regarding the use of firearms." (Dkt. 132 at ¶¶ 4-7). Plaintiffs also assert that they need to depose RPD employees who oversee "the collection, reporting, and analysis of RPD data, and the development, revision, and maintenance of RPD policies, and procedures," as well as the officers directly involved in Tyshon's shooting. (*See id.* at ¶¶ 8-9). Plaintiffs have not conducted any depositions in the case to date. (Dkt. 125 at 29). According to Plaintiffs, this additional discovery will allow them to create genuine issues of material fact for trial in several ways. (*See id.* at ¶¶ 10-20).

For instance, relevant to the ADA and RA claims, the information regarding RPD's in-service training would show: "(1) how RPD officers are supposed to identify whether a subject is experiencing a mental health crisis under RPD policy and training; (2) how RPD officers are supposed to use de-escalation techniques under RPD policy and training; and (3) how RPD officers are supposed to employ the RPD's Crisis Intervention Team as part of a tactical response to a subject demonstrating signs of mental distress and self-harm." (*Id.* at ¶ 13). And, for instance, relevant to the Section 1983 claim, the deposition testimony of Officer Matthew Drake—the RPD officer who fatally shot Tyshon—would show: (1) "[w]hether the RPD has a policy of reassessing the perceived threat after firing a certain number of shots, and whether Officer Drake complied with that policy;" (2) "[w]hat RPD officers are trained is a safe defensive distance from a subject armed only with a knife while [the officers'] weapons are already drawn;" (3) "[h]ow, and under what circumstances, RPD officers are supposed to use de-escalation techniques under RPD policy and training, including and especially to respond to a subject experiencing a mental health crisis;" (4) "[h]ow, and under what circumstances, RPD officers are trained to use

less-lethal force such as bean bag guns or tasers under RPD policy and training;" and (5) "[h]ow, and under what circumstances, RPD officers are supposed to use and/or have used tasers . . . to disarm subjects armed with a knife under RPD policy and training." (*See id.* at ¶ 12).

In opposition, Defendant argues that Plaintiffs' Rule 56(d) request is disingenuous because "[t]here was no attempt to schedule depositions, no hampering of depositions, or any refusal to conduct depositions[,] . . . [and] [w]ith respect to the involved officers, there has never been a single request to proceed with or schedule those depositions, much less any refusal to provide the officer[s] . . . for depositions." (*See* Dkt. 137-1 at ¶ 3). Defendant is incorrect: On August 28, 2023, Plaintiffs scheduled the depositions of those officers involved in Tyshon's shooting. (*See* Dkt. 132-4 (copies of deposition notices); Dkt. 139-3 at 2 (email from Plaintiffs' counsel to Defendant's counsel with deposition notices attached)). The parties, however, did not go forward with the depositions as scheduled because Defendant failed to provide Plaintiffs with the requested written discovery beforehand. (*See* Dkt. 139-5 at 2 (email from Plaintiffs' counsel to Defendant's counsel on September 26, 2023, stating that "[g]iven the large number of documents that [Defendant] intends to produce but has not yet produced, it does not make sense to proceed with the upcoming depositions[,] . . . [and] [i]nstead, we should focus on completing [Defendant's] production of documents.")).

The record indicates that Plaintiffs have diligently pursued the written discovery they believe is necessary to depose the officers involved in Tyshon's shooting. (*See* Dkt. 50 (Plaintiffs' motion for discovery); Dkt. 61 (Plaintiffs' letter request to Judge Pedersen

to set deadlines for Defendant to produce certain written discovery); *see also* Dkt. 132-1 (copies of Plaintiffs' seven different requests for production of documents); Dkt. 132-6 (letter from Plaintiffs' counsel to Defendant's counsel, dated December 12, 2023, inquiring about the deficiencies in Defendant's responses to Plaintiffs' requests for production); Dkt. 132-7, Dkt. 132-8, Dkt. 132-9, & Dkt. 132-10 (email correspondence between Plaintiffs' counsel and Defendant's counsel regarding the production of written discovery)).  But despite Plaintiffs' efforts, that written discovery is still outstanding.  (*See* Dkt. 132 at ¶ 3 ("Plaintiffs have not had an opportunity to take any depositions because of the incompleteness of [Defendant's] document productions.")).

Ultimately, Defendant's motion for summary judgment is premature absent, at the very least, the deposition testimony of the officers involved in Tyshon's shooting.  *See O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003) ("[G]iven the difficult problem posed by a suit for the use of deadly force, in which the witness most likely to contradict the police officer's story—the person shot dead—is unable to testify, the court may not simply accept what may be a self-serving account by the police officer." (alterations, internal quotation marks, and citation omitted)); *V.W. ex rel. Williams v. Conway*, 236 F. Supp. 3d 554, 580-81 (N.D.N.Y. 2017) (denying motion for summary judgment pursuant to Rule 56(d) request where the non-movant had not been afforded the opportunity to depose the individuals whose declarations purportedly established the absence of any genuine issue of material fact (also collecting cases)).  The Court has considered Defendant's remaining arguments and finds them unpersuasive given the "spirit

of liberality" applicable to Rule 56(d) requests.[1]  *See, e.g.*, *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 665 (S.D.N.Y. 2000) (indicating that Rule 56(d) "is a safeguard against premature grants of summary judgment and should be applied with a spirit of liberality." (internal quotation marks and citation omitted)).

## CONCLUSION

For the reasons stated above, Plaintiffs' Rule 56(d) request (Dkt. 132) is granted, and Defendant's motion for summary judgment (Dkt. 117) is denied without prejudice, with leave to renew the motion at the close of discovery.  The parties are directed to confer

---

[1]    Defendant argues that the papers and depositions Plaintiffs seek are not relevant and would not add any evidence to the record regarding the circumstances confronted by the officers during the incident itself.  (Dkt. 137 at 15-18).  Defendant cites *Ferreira v. City of Binghamton*, 975 F.3d 255, 279 (2d Cir. 2020), wherein the Second Circuit held that "actions leading up to the shooting are irrelevant to the reasonableness of [the officer's] conduct at the moment he decided to employ deadly force."  (Dkt. 137 at 18).

The Court does not find this argument persuasive.  First, the fact that some of the discovery Plaintiffs seek may be irrelevant or impermissible, does not justify the Court deciding a summary judgment motion on an incomplete record.  Second, and more significantly, the proposition of law cited by Defendant—that the actions leading up to a shooting are irrelevant to the reasonableness of the officer's conduct at the moment he decided to employ deadly force—is not correct, given the United States Supreme Court's decision in *Barnes v. Felix*, No. 23-1239, ___ S. Ct. ____, 2025 WL 1401083 (May 15, 2025).  In *Barnes*, the Supreme Court rejected the "so-called moment-of-threat rule" employed by courts (including the Second Circuit), which it found "improperly narrow[ed] the requisite Fourth Amendment analysis."  *Id*. at *2.  The Supreme Court clarified that "[t]o assess whether an officer acted reasonably in using force, a court must consider all the relevant circumstances, including facts and events leading up to the climactic moment."  *Id.*  Accordingly, Defendant's argument that the events leading up to the shooting are not relevant is simply not supported by the controlling case law on the issue.

with Judge Pedersen's Chambers so that an amended case management order may be entered.

    SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     May 21, 2025
             Rochester, New York