# Exhibit 2

 

www.pbwt.com

May 21, 2025

Ian Eppler
Associate
(212) 336-2205
ieppler@pbwt.com

By Email Attachment

Patrick B. Naylon, Esq.
City of Rochester Law Department
Corporation Counsel
30 Church Street, Rm. 400A
Rochester, NY 14614

      Re:    Estate of Tyshon Jones v. City of Rochester (Case No. 6:22-cv-06263)

Dear Mr. Naylon:

      Following the denial of the City's summary judgment motion and Judge Pedersen's instructions, we write on behalf of Plaintiffs regarding the areas of outstanding fact discovery. Plaintiffs provide this summary in the hopes that the parties can complete fact discovery in a timely manner in order to proceed to expert discovery and ultimately to a jury trial in this case.

      *Written Discovery*: There are a number of categories of document discovery which the City has yet to produce to Plaintiffs:

- The City agreed to produce 50 e-mails from 2015 – 2017 that were responsive to Plaintiffs' Query 2 on March 28, 2024. According to the City's e-mail to Plaintiffs on that day, the responsive e-mails were identified and were ready to be produced. Plaintiffs have yet to receive those e-mails.

- Plaintiffs' Sixth Set of Requests for Production were served on the City on April 16, 2024. The City's response was due on May 16. Plaintiffs have yet to receive the City's Responses and Objections or a responsive production from the City.

- On June 3, 2024, Plaintiffs sent the City a revised list of search terms to be run over the e-mails of agreed-upon City custodians. The City has yet to produce responsive e-mails to those search terms.

- Plaintiffs requested that the City produce all Quarterly and Annual Subject Resistance Reports published by the City since 2020, which are responsive to Plaintiffs' Request for Production No. 41. In response to a request by the City, on June 6, 2024 Plaintiffs agreed that the City could produce only the

Patrick B. Naylon, Esq.
May 21, 2025
Page 2

        Annual Subject Resistance Reports covering the years 2021 – 2023. The City has not produced this narrower set of reports.

- On June 6, 2024, Plaintiffs sent the City a revised list of in-service trainings for which Plaintiffs requested the underlying training materials. As you will recall, Plaintiffs agreed at that time to narrow the list of trainings for which it sought training materials as an effort to compromise with the City, but reserved their rights to request materials from additional trainings. Plaintiffs have yet to receive any underlying training materials from its narrowed list of in-service trainings.

- On June 11, 2024, Plaintiffs requested that the City provide any sign-in logs, staffing spreadsheets, or certifications for any trainings attended by the Involved Officers or an explanation as to why those documents no longer exist. Plaintiffs have yet to receive responsive documents or an explanation from the City.

- Plaintiffs' Seventh Set of Requests for Production were served on the City on July 2, 2024. The City's response was due on August 1. Plaintiffs have yet to receive the City's Responses and Objections or a responsive production from the City.

- Plaintiffs served a subpoena on Officer Gallagher on June 26, 2024. The City accepted service on his behalf but has refused to answer the subpoena.

- Plaintiffs have requested performance evaluations for the Involved Officers from 2020 through 2023, but the City has not yet produced them, including critically important performance evaluations for the period including the shooting of Tyshon Jones. *See* Dkt. No. 97.

Due to the passage of time since the City last provided Plaintiffs with an organizational chart listing the heads of the RPD departments, we also request that the City provide Plaintiffs with an updated organizational chart.

        Please confirm that the City will produce these outstanding documents by **June 23, 2025**. Should the City take issue with producing any of these categories of documents, or is unable to produce these documents by Plaintiffs' proposed deadline, we invite the City to meet and confer regarding an alternate proposal.

        *Depositions*: Plaintiffs have served multiple deposition notices for City witnesses in this case, including one pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiffs intend to move forward with depositions, but are entitled to the aforementioned document discovery from the City before doing so.

Patrick B. Naylon, Esq.
May 21, 2025
Page 3

       With respect to Plaintiffs' 30(b)(6) deposition notice to the City, Plaintiffs provided the City with a summary of the parties' multiple meet and confers on Plaintiffs' topics on January 29, 2024. The City has not responded to this letter; Plaintiffs thus understand that the City is in agreement with the summary provided by Plaintiffs. Accordingly, the only topic with an outstanding dispute between the parties is Topic 14. Plaintiffs agree to limit Topic 14 to the following Less Lethal Weapons: tasers, beanbag guns, pepper spray, and batons. Please let us know if that compromise is agreeable to the City.

       Fact discovery has now been ongoing for more than two years. Plaintiffs are eager to proceed to trial in this case, but are entitled to pursue all discovery relevant to their claims before doing so. As Judge Pedersen recently reminded the City, it "must take steps to keep this case on track and timely produce responsive discovery." Dkt. No. 148. Now that the City's motion for summary judgment has been denied, "the City will need to take steps—better staffing, an outside e-discovery vendor (something the Court might expect in a case of this size and complexity)—to keep this case on track." Dkt. No. 138 at 14. Plaintiffs thus expect that discovery will proceed in a much more timely manner than it had before the City's stay motion was granted.

       Plaintiffs are confident that, with all parties' cooperation, fact discovery can be completed within the next several months and the parties can soon begin the next phase of this case.

                                                  Very truly yours,

                                                  Ian Eppler

cc:    Alanna Kaufman
        Doug Lieb
        Kaufman Lieb Lebowitz & Frick
        18 E. 48th Street, Suite 802
        New York, NY 10017