# Exhibit 17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETHA SHORT and PERNELL JONES, SR., In their capacity as administrator of the ESTATE OF TYSHON JONES,<br><br>            Plaintiff<br>v.<br><br>CITY OF ROCHESTER,<br>            Defendant. | DEFENDANT'S RESPONSES TO SIXTH REQUEST FOR PRODUCTION<br><br>Case No. 6:22-cv-06263 |

### DEFENDANT, CITY OF ROCHESTER'S RESPONSE TO PLAINTIFF'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Rule 26 of the Local Rules of the United States District Court for the Western District of New York (the "Local Rules") and Rule 34 of the Federal Rules of Civil Procedure, Defendant provides the following responses and production to Plaintiffs' Request for Production dated May 23, 2023.

### OBJECTIONS TO DEFINITIONS

The Defendant objects generally to the definitions and instructions to the extent they exceed the requirements of the Federal Rules of Civil Procedure. Defendant further raises the specific objections below:

1. Defendant objects to the Plaintiffs' incorporation by reference of definitions set out in five prior requests for production.

2. Defendant objects to the term and definition of "service weapon training session" and "service weapon qualification session" as overly broad, vague and ambiguous. Defendant objects to the definition of the term "you" to include any and all officers, directors, employees,

1

partners, subsidiaries, agents or affiliates as the Defendant's attorneys cannot possibly know who is or is not included and what information they may have.

3. Defendant objects to the definition of the term "policy" as it is a legal term in the context of the Complaint and this action.

## OBJECTIONS TO INSTRUCTIONS

1. Defendant objects to the instructions relevant time period of 20 years prior to the subject incident as overly burdensome and not reasonably related to the needs of the case. To the extent that they include the requirement to produce documents in the possession of others not in Defendant's control.

2. Defendant objects to the instructions which are confusing, vague and ambiguous to the extent that where documents are stored in "electronic databases or similar repositories" the Plaintiffs request "data" in lieu of the documents themselves.

3. Defendant objects to the instruction relative to destroyed or discarded as incongruent, overly broad and burdensome and beyond the requirements of the FRCP.

**WITHOUT WAIVING THE FOREGOING OBJECTIONS, THE DEFENDANT RESPONDS TO PLAINTIFFS' 6th REQUEST FOR PRODUCTION AS FOLLOWS:**

**DEMAND**

84: All Policy statements, Policy memoranda, summaries of procedures, directives or practices (whether or not reflective of official policy), or similar guidance (whether currently in force or modified, replaced, repealed or otherwise superseded) relating to the use of the Service Weapon by members of the RPD Patrol Division from March 10, 2008 to the present, including but not limited to all versions of General Order 342 Firearms Qualification and Possession in effect at any time during that period.

**RESPONSE**

84. Defendant objects to the demand as its form is so overly broad in scope and unduly burdensome, vague and ambiguous and is not proportionate to the needs of the case. Without waiving the objection, Defendant provides G.O. 342 versions in effect from 2010 to date. *COR_012348 – COR_012354, COR_12414 – COR_12420.*

**DEMAND**

85. All documents provided to the Known Officers in preparation for, or during, Service Weapon Training Sessions and Service Weapon Qualification Sessions, or otherwise used to train or qualify the Known Officers on the use of their Service Weapons. For avoidance of any doubt, this Request encompasses training materials such as written instructional materials, syllabuses, presentations, blank worksheets, blank evaluation forms, and each type of target used, but does not include training records or completed forms of any kind.

**RESPONSE**

85. Defendant objects to the demand as overly broad, unduly burdensome, vague and ambiguous and not proportionate to the needs of the case. The demand literally asks for training records in sentence one and in sentence two says the demand does not include training records. Defendant also objects to the demand to the extent it seemingly attempts to distinguish a 'training' session from a 'qualification' session as Defendant does not comprehend what Plaintiffs mean by "Service Weapon Training Sessions." Defendant understands "Qualification" sessions to be the annual required qualification officers are required to pass with their service weapon, i.e., in this case sidearm gun. To the extent the Plaintiffs seek information concerning the qualification

3

session, Defendant maintains the information sought is not relevant to the issues in the case. Only one of the "known" officers discharged his/her service weapon. Requiring Defendant to undertake searches for documentation concerning officers who did not discharge for a period of years is not reasonably related in scope or proportional to the needs of the case.

Below are the qualification scores on record from 2020 – 2023 for Officers Drake, Glynn, Jackson, Carello, and Jones.

| Officer | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|
| **Drake** | Handgun 98, Shotgun 100, Less Lethal 100, Rifle 100 | - | - | Light Duty - No Scores |
| **Glynn** | Handgun 97.5, Shotgun 100, Less Lethal 100, Rifle 100 | - | - | Retired - No Scores |
| **Jackson** | Handgun 90, Shotgun 100 | - | Handgun 84, Shotgun 100, Less Lethal 100 | Handgun 85.5, Shotgun 100, Less Lethal 100, Rifle 100 |
| **Carello** | Handgun 87, Shotgun 90, Less Lethal 100 | Handgun 88.5, Shotgun 100, Less Lethal 100 | Handgun 91.5, Shotgun 100, Less Lethal 100 | Handgun 96, Shotgun 100, Less Lethal 100 |
| **Jones** | Handgun 100, Shotgun 100, Less Lethal 100, Rifle 98 | Handgun 96.5, Shotgun 100, Less Lethal 100 | Handgun 89, Shotgun 100, Less Lethal 100, Rifle 97 | Handgun 93, Shotgun 100, Less Lethal 100, Rifle 100 |

**DEMAND**

86. All documents generated from each Service weapon training Session and Service Weapon Qualification Session of each known Officer, including all reports, analysis, or commentary by trainers, range personnel, or other evaluators of the Known Officers' performance.

**RESPONSE**

86. Defendant objects to the demand as overly broad, unduly burdensome, vague and ambiguous and not proportionate to the needs of the case. Defendant also objects to the demand to the extent it seemingly attempts to distinguish a 'training' session from a 'qualification" session as

4

Defendant does not comprehend what Plaintiffs mean by "Service Weapon Training Sessions." Defendant understands "Qualification" sessions to be the annual required qualification officers are required to pass with their service weapon, i.e., in this case sidearm gun. Without waiving the objection, Defendant provides proof of firearms qualification for Officer Drake from 2010 to date.

Without waiving the objection, see response to demand 88 above.

The above-referenced documents can be found at the following link:

https://cityofrochester.sharefile.com/d-s6041fba761654646998f9d450090e364.

Dated: July 9, 2025
     Rochester, N.Y.

**PATRICK BEATH**
**CORPORATION COUNSEL**

s/ *Patrick B. Naylon*
Patrick B. Naylon, Esq., Of Counsel
*Attorneys for Defendant*
City Hall Room 400A, 30 Church Street
Rochester, NY 14614-1295
Telephone: (585) 428-6906
patrick.naylon@cityofrochester.gov

To:   Ian Eppler
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, New York 10036
202 336 2000
kopokugayamfi@pbwt.com

Alanna Kaufman
Kaufman Lieb Lebowitz & Frick, LLP
18 3. 48th St.
Suite 802
New York, New York, 10017
akaufman@kllf-law.com

5