

www.pbwt.com

October 31, 2025

Amy N. Vegari
Partner
(212) 336-2216
avegari@pbwt.com

*Via ECF*

Hon. Mark W. Pedersen
United States Magistrate Judge
Western District of New York
100 State Street
Rochester, New York 14614
pedersen@nywd.uscourts.gov

      Re:   *Estate of Tyshon Jones v. City of Rochester*,
            No. 6:22-cv-06263 (W.D.N.Y.)

Dear Judge Pedersen:

      We write on behalf of Plaintiffs regarding the City's persistent failures to comply with its discovery obligations. Despite Plaintiffs' repeated requests that the City remediate deficiencies in its recent productions and respond to Plaintiffs' inquiries relating to missing documents, the City has largely ignored Plaintiffs—in some instances for over six weeks. The City will not commit to take any remediation actions, let alone provide any meaningful response to Plaintiffs' inquiries. Indeed, the City has even ignored Plaintiffs' repeated offers to meet and confer about these issues. The City's conduct, which persists even as Plaintiffs' separate motion for sanctions is about to be fully briefed, has led Plaintiffs to the unfortunate conclusion that the Court's intervention will again be required so that discovery can be completed.

      Accordingly, and consistent with the Fifth Amended Scheduling Order (the "Scheduling Order," Dkt. 193 at 2), Plaintiffs write to advise the Court of the following discovery disputes[1] and to request that the Court order the City to: (i) produce the documents identified by Plaintiffs, described below; (ii) remediate any production deficiencies; and (iii) respond to Plaintiffs' reasonable inquiries by a date certain, and in any event, no later than November 10, 2025 in light of the Court-ordered fact discovery deadline of December 5, 2025.

      I.   <u>The City Has Failed to Produce Complete Body Worn Camera Videos</u>

      The Court should order the City to produce complete body-worn camera ("BWC") footage from Officers Wicher and Glynn, or at minimum produce the log reflecting which BWC files from their cameras were uploaded on March 10, 2021, so the completeness of the existing video can be verified. In particular, Plaintiffs have reason to believe that an additional video file may exist

---

[1] Plaintiffs are still awaiting a response from the City on other issues which are subject to the sanctions motion and motion to compel currently before the Court (*see* Dkt. 161, 162).

Hon. Mark W. Pedersen
October 31, 2025
Page 2

depicting Officer Wicher's arrival on scene and exit from her vehicle, prior to the events depicted in her BWC footage produced to date. That footage is important to Plaintiffs' case because it bears directly on whether Officer Wicher could have reasonably accommodated the mental health crisis she believed Tyshon Jones to be experiencing by retrieving her bean bag gun from the trunk of her patrol car.

As Officer Drake (the officer who fatally shot Tyshon) testified at his deposition, BWCs typically capture 30 seconds of video before the audio clicks on. *See* Ex. 1 (Drake Tr. at 48:16-49:1). That is so because BWCs continuously record and delete footage—a process known as buffering—when they are *not* activated. When the BWC is activated, the 30 seconds of footage captured prior to activation are preserved without sound, and the recording continues with sound from the moment of activation. But the audio of Officer Wicher's and Officer Glynn's BWC starts at 00:12 and 00:00, respectively, not at 00:30—contrary to Officer Drake's experience, and in contrast to all of the other BWC footage the City produced. Plaintiffs first raised this issue on September 18, 2025, and requested that the City produce the complete BWC videos for each responding officer containing the full buffered 30 seconds prior to activation. In the event the City believed that a technical glitch resulted in the capture of less time than usual prior to activation, Plaintiffs requested that the logs for these officers' BWC for the relevant date be produced so Plaintiffs can confirm that the length of the footage originally recorded and downloaded corresponds with the length of the footage produced to Plaintiffs. Ex. 2 (Sept. 18, 2025 Email from Ms. Hoon to Mr. Naylon).

On October 16, 2025, the City proffered an explanation about "how the BWC works," in an effort to dismiss Plaintiffs' concerns. Ex. 3 (Oct. 16. 2025 Email from Mr. Naylon to Mr. Lieb). But the City's explanation confirmed that the audio should either start at 00:00 or 00:30. Neither option explains Officer Wicher's BWC video, which contains approximately 12 seconds—not zero or 30 seconds—of silence before the audio starts. Officer Wicher testified to another potential explanation for this anomaly: she activated her camera *twice* during the incident because she was unsure whether the first activation was unsuccessful. Ex. 4 (Wicher Tr. at 60:1-61:11.) That testimony suggests that the missing 00:18 of footage (or more) may be found in a different video file from Officer Wicher's BWC from the first activation of the camera.

In response to the City's purported explanation, Plaintiffs requested again that the City produce the upload logs for the BWC videos in question to confirm that there is no missing audio. Despite the City's promise to "re-confirm" that it has produced all BWC videos in the Rochester Police Department's possession, it has failed to do so and has ignored follow-up emails from Plaintiffs about this issue. Exs. 5, 6 (*See* Oct. 22 and 27, 2025 emails from Ms. Hoon to Mr. Naylon). The City should at minimum be required to produce the log from its BWC platform reflecting exactly what footage was uploaded by Nicholas Adams on March 10, 2021. *See* Ex. 7 (police report reflecting date of upload and identity of uploading officer).

Hon. Mark W. Pedersen
October 31, 2025
Page 3

      II.      The City's October 6, 2025 Production Contains Numerous Deficiencies[2]

On October 6, 2025, the City produced over 63,000 documents. As the Court may recall, and as detailed in Plaintiffs Motion for Sanctions, this production was the result of extensive negotiation that began in early 2023, resulting in Plaintiffs proposing targeted search terms for the City to identify responsive documents in June 2024. *See* Plaintiffs' Motion for Sanctions, Dkt. 162-1 at 4-6. Although Plaintiffs are continuing to review the production, they have already identified a number of material deficiencies.

*First*, the City represented that it would provide a privilege log, but failed to do so. *See* Ex. 8 (Sept. 10, 2025 email from Mr. Naylon to Ms. Hoon). Despite Plaintiffs' repeated request for a privilege log (*see* Exs. 9, 5 (Oct. 14 and 22, 2025 emails from Ms. Hoon to Mr. Naylon)), the City has failed to provide a privilege log to date. Plaintiffs cannot evaluate the completeness of the City's production without an accompanying privilege log.

*Second*, the City appears to have stripped the custodian metadata in its October 6, 2025 production, and replaced it with categories such as "policy" or "training." The City's unilateral decision to remove the custodial information contravenes W.D.N.Y. L.R. Civ. P. 26(e)(5), which requires a producing party to "preserve the integrity of the electronic document's contents," including its metadata. In an effort to streamline the number of disputes between the parties and to complete depositions prior to the Court-order fact discovery deadline on December 5, 2025, Plaintiffs simply requested that the City confirm which custodians' files were searched and produced. Ex. 5 (Oct. 22, 2025 email from Ms. Hoon to Mr. Naylon). Plaintiffs need this information to ensure that the proper custodians' files were searched and produced. The City has failed to respond to Plaintiffs' reasonable inquiry, which is intended to minimize the burden on the City to reproduce a large volume of documents with the metadata that Plaintiffs are entitled to.[3]

*Third*, on June 6, 2025, the City made a production of a single PDF file that consisted of dozens of individual communications, including improper redactions and no metadata.[4] The City was supposed to reproduce these documents in a proper format with individual email files, metadata, and only appropriate redactions. The City does not appear to have done so, as Plaintiffs have been unable to identify these documents in the City's October 6, 2025 production. Plaintiffs have repeatedly requested that the City make this reproduction (or in the event the City has in fact reproduced the documents, to identify them by Bates numbers so Plaintiffs can locate them). Exs.

---

[2] The City initially produced these documents on September 30, 2025, after the City sought multiple extensions of the Court-ordered deadline to complete document discovery. The City re-produced the documents on October 6, 2025 because the initial production was corrupted.

[3] Plaintiffs reserve the rights to request a reproduction from the City in the event the City fails to provide a confirmation that it has searched and produced the files of all custodians agreed upon by the parties.

[4] Plaintiffs have previously raised this issue, including in a July 23, 2025 deficiency letter to the City and in their Motions to Compel and for Sanctions. *See* Dkt. 163-1 (Exhibit 1 to the Declaration of Ian Eppler in Support of Plaintiffs' Motion for Sanctions at 2-3); Dkt. 162-1 at 10-11.

Hon. Mark W. Pedersen
October 31, 2025
Page 4

9, 5 (Oct. 14 and 22, 2025 emails from Ms. Hoon to Mr. Naylon.) The City has ignored this request too.

    III.    <u>The City Has Failed to Provide Access to the August 4, 2025 Production</u>

On August 4, 2025, the City made a production to Plaintiffs. When Plaintiffs attempted to download the production several weeks later, the link to this production has expired. Plaintiffs have repeatedly requested that the City provide a new link to this production. Exs. 5, 9, 10, 11 (Oct. 7, 9, 14, and 22 emails from Ms. Hoon to Mr. Naylon.) Despite the minimal burden this request places on the City, the City has ignored Plaintiffs' requests, depriving Plaintiffs of documents the City has already determined are responsive to Plaintiffs' discovery requests.

***

Consistent with the Scheduling Order and cognizant of the December 5, 2025 fact discovery deadline, Plaintiffs respectfully request an order compelling the City to remedy its discovery violations identified in this letter by no later than November 10, 2025.

Plaintiffs are available at the Court's convenience should the Court determine that an informal discovery conference would be productive (*see* Scheduling Order at 2). We appreciate the Court's attention to this matter.

                                      Respectfully submitted,

                                      <u>*/s/ Amy N. Vegari*</u>

                                      Amy N. Vegari