

www.pbwt.com

Amy Vegari
(212) 336-2216
avegari@pbwt.com

December 23, 2025

Via ECF

Hon. Mark W. Pedersen
United States Magistrate Judge
Western District of New York
100 State Street
Rochester, New York 14614
pedersen@nywd.uscourts.gov

      Re:    *Estate of Tyshon Jones v. City of Rochester*,
               No. 6:22-cv-06263 (W.D.N.Y.)

Dear Judge Pedersen:

      Per the Court's recent order in which it "note[d] that the parties may move for an extension of the operative scheduling order, if appropriate," Dkt. No. 201, we write on behalf of the parties to jointly move for a short extension of the current case deadlines.

      The parties have outstanding discovery disputes, the resolution of which could impact what evidence is available for expert discovery. Accordingly, the parties have conferred and propose an amended schedule, which extends out the deadlines from the October 20, 2025 Fifth Amended Scheduling Order,[1] *see* Dkt. No. 193, as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| **Plaintiffs' expert reports disclosed** | January 16, 2026 | February 13, 2026 |
| **Defendant's expert reports disclosed** | February 23, 2026 | March 20, 2026 |
| **Expert discovery completed** | March 13, 2026 | April 10, 2026 |
| **Dispositive and Daubert motions** | May 8, 2025 | May 15, 2026 |

---

[1] The parties jointly requested that the deadline to complete the Plaintiffs' depositions be extended by one week in order to accommodate the Plaintiffs' schedules. Dkt. No. 197. The Court granted that extension but maintained the fact discovery deadline. Dkt. No. 198. There have been no other requests to extend any deadlines under the Fifth Amended Scheduling Order.

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

Hon. Mark W. Pedersen
December 23, 2025
Page 2

      The parties respectfully submit that good cause exists for granting this extension pursuant to Federal Rule of Civil Procedure 16(b)(4). "In determining whether a movant has satisfied the 'good cause' standard under Rule 16(b), the primary consideration is whether the moving party can demonstrate diligence." *Ortiz v. Wagstaff*, 2019 WL 1236336, at *3 (W.D.N.Y. Mar. 18, 2019) (cleaned up) (finding good cause existed to extend scheduling order where Plaintiff diligently litigated ongoing discovery disputes which caused delay to the case schedule); *see also* Hon. Jeremiah J. McCarthy, *Rule 16(b)(4): Is "Good Cause" A Good Thing? Why I Hate Scheduling Orders*, 16 FED. CTS. L. REV. 1 (2024) (explaining that the "Second Circuit's definition of good cause" focuses on diligence). District courts, in exercising their discretion under Rule 16(b), may also consider other relevant factors, including prejudice. *Ortiz*, 2019 WL 1236336, at *3.

      Plaintiffs have diligently moved the case forward. All depositions have now been completed, and all document discovery has been completed with the exception of the outstanding discovery disputes. Plaintiffs have also been diligently trying to resolve these outstanding disputes. Plaintiffs are awaiting a decision on their motion for discovery sanctions and two motions to compel, *see* Dkt. Nos. 161, 162, 194[2], which remain pending. The resolution of those motions will impact whether Plaintiffs receive additional documents from the City that would be relevant for expert discovery. The Court has indicated that it will schedule a discovery conference, but a date for that conference has not yet been set. Dkt. No. 201. Accordingly, the parties seek this brief extension in the hope that these discovery disputes will be resolved in time for all relevant material to be produced in time for use in expert discovery.

      Furthermore, there is no prejudice to either party if this extension, which extends each expert deadline by no more than four weeks and the dispositive and *Daubert* motions deadline by only one week, is granted. *See Ortiz*, 2019 WL 1236336, at *3. Indeed, the City joins Plaintiffs in requesting this short extension.

      We are available to answer any questions the Court may have.

      Respectfully submitted,
      */s/ Amy N. Vegari*
      Amy N. Vegari

---

[2] *See also* Dkt. No. 199.