UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Kennetha Short and Pernell Jones, Sr.,** *in their capacity as administrators of the Estate of Tyshon Jones*,

Plaintiffs,

v.

**City of Rochester,**

Defendant.

**8th AMENDED SCHEDULING ORDER**

22-cv-6263-EAW-MJP

**PURSUANT TO** the order of the Hon. Elizabeth A. Wolford, Chief Judge, referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a joint discovery plan or motion for an extension of deadline(s), (ECF No. 243), and the undersigned having found good cause pursuant to Fed. R. Civ. P. 16(b)(4), the Court

**ORDERS** that

1. **Close of fact discovery.** The deadline for completing fact discovery has passed.

2. **Experts.** The deadlines have passed for identifying any expert witnesses and serving any expert reports. The parties shall complete the deposition of Mr. DeFoe no later than **May 20, 2026**, and shall complete all other expert discovery by **May 11, 2026**.

3.     **Motions to compel.** The deadline for any motions to compel has passed**.**

4.     **Dispositive motions.** Dispositive motions and *Daubert* motions, if any, shall be filed no later than **June 24, 2026.**

5.     **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

6.     **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

a.     When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension should be made at least **one week** before the deadline to be extended.

b.  **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

c.  **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

7.  **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated:      May 1, 2026
            Rochester, NY                */s/ Mark W. Pedersen*
                                         MARK W. PEDERSEN
                                         United States Magistrate Judge