**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**Kennetha Short and Per-nell Jones, Sr.,**

Plaintiffs,

v.

**City of Rochester,**

Defendant.

**DECISION and ORDER**

22-cv-6263-EAW-MJP

---

**Pedersen, M.J.** Unfortunately, discovery in this action has been long and torturous. Following a yearslong discovery dispute about electronically stored information (ESI), the Court ordered the City of Rochester to produce approximately 72,000 emails that it had "withheld as privileged or produce a privilege log" by March 31, 2026. (Text Order, ECF No. 228, Mar. 5, 2026.) The City failed to comply with that order or object to it under Federal Rule of Civil Procedure 72(a). Instead, the City has moved under Federal Rule of Civil Procedure 26 for a protective order from producing the privilege log. (Mot. for Protective Order, ECF No. 235, Mar. 31, 2026.) As explained below, the Court denies that motion.

The pending skirmish is the latest in this action's longstanding battle over ESI. Starting in May 2023 and continuing over the following eleven months, the Court entertained multiple filings, held three

1

conferences, and issued various orders concerning the City's duty to produce ESI in discovery. (*See* Text Order, ECF No. 32, May 28, 2023 (ordering parties to confer "on the terms to be used to search for ESI"); Tr., ECF No. 37, May 8, 2023 (discovery conference); Letter by Pls., ECF No. 61 at 1–2, Dec. 22, 2023 (requesting deadlines for producing "emails responsive to four agreed-to search queries"); Text Order, ECF No. 62, Jan. 2, 2024 (ordering parties to confer on ESI production deadlines); Letter by Pls., ECF No. 66 at 1, Jan. 8, 2024 (reporting partial agreement on ESI production); Letter by Pls., ECF No. 80 at 6–7, Mar. 8, 2024 (reporting City's failure to review or produce ESI responsive to "agreed-to-search queries"); Letter by Def., ECF No. 81 at 3, Mar. 13, 2024 (describing continued efforts to confer on search terms); Text Order, ECF No. 83, Mar. 14, 2024 (ordering Defendant to "adhere to the deadlines that the Court has set"); Tr., ECF No. 89 at 21–22, Mar. 14, 2024 (ordering parties to confer by March 29, 2024, on email search); Tr., ECF No. 94 at 4–8, Apr. 10, 2024 (addressing email search queries).)

Over a year into discovery, in May 2024, the City moved to stay discovery while seeking summary judgment. (Mot. to Stay, ECF No. 96, May 15, 2024; Letter, ECF No. 120, July 1, 2024; *see* Mot. for Summ. J., ECF No. 117, June 27, 2024.) In requesting a stay, the City asserted, among other things, that it had received "multiple e-discovery search requests involving thousands of e-mail responses" and that Plaintiffs'

2

"continued demands, particularly in the area of e-discovery, are over-whelming to the City's IT department." (Decl. in Supp. of Mot., ECF No. 96-2 at 2, 4–5.) Although the Court granted the requested stay, the Court warned the City that, if its motion for summary judgment failed, it would "need to take steps—better staffing, an outside e-discovery vendor (something the Court might expect in a case of this size and complexity)—to keep this case on track." (Decision & Order, ECF No. 138 at 14, Aug. 30, 2024; *see id.* at 11 (acknowledging that this action's ESI discovery involves "thousands (if not tens or hundreds of thousands) of emails from numerous custodians").)

The following year, in May 2025, the Court lifted the discovery stay when Chief Judge Wolford granted Plaintiffs' request for additional discovery under Federal Rule of Civil Procedure 56(d) and denied the City's motion for summary judgment without prejudice. (Decision & Order, ECF No. 147, May 21, 2025; Text Order, ECF No. 148, May 21, 2025.) In lifting the stay, the Court reiterated "that the City must take steps to keep this case on track and timely produce responsive discovery." (ECF No. 148.)

Despite the Court's admonishment, the parties' stipulated deadline for document discovery came and went that July, prompting Plaintiffs to move to compel the production of ESI. (*See* Joint Status Update, ECF No. 149, May 23, 2025; 4th Am. Scheduling/Case Management

3

Order, ECF No. 151 at 1, May 23, 2025; Letter Mot., ECF No. 161, Aug. 8, 2025.) At a discovery conference concerning the issue, the City assented, and the Court ordered the City, to produce the remaining ESI by September 16, 2025. (Min. Entry, ECF No. 169, Sept. 2, 2025; Tr., ECF No. 173 at 38–39, 41, Sept. 2, 2025.) The Court also advised the parties that "if the rules are not complied with, file immediately a Motion for Protective Order or a Motion to Compel." (ECF No. 173 at 37.)

Instead of complying with the order to produce the remaining ESI by September 16, 2025, the City moved for an extension that day to produce the required discovery by October 2, 2025. (Mot. for Ext., ECF No. 174, Sept. 16, 2025.) The City noted in its request that, in addition to producing emails, it would need to prepare a privilege log for "approximately 75,000 e-mails" that it had "pulled." (*Id.*) The Court granted the extension request in part, ordering the City to "produce the required discovery by September 30, 2025," and to "inform its e-discovery vendor that the undersigned expects the City to comply with this deadline." (Text Order, ECF No. 176, Sept. 18, 2025.)

Although the City eventually produced a tranche of emails, the Court's intervention became necessary yet again because the City did not produce a privilege log for the thousands of emails that it had withheld as attorney-client privileged. (*See* Letter Mot. to Compel Disc., ECF No. 194 at 3, Oct. 31, 2025; Letter by Def., ECF No. 196 at 2–4, Nov. 7,

2025; Letter Mot. for Misc. Relief, ECF No. 199, Dec. 10, 2025; Letter by Def., ECF No. 200, Dec. 11, 2025.) At a conference in January 2026— after fact discovery had closed the month before—the Court ordered the City, among other things, to provide an estimate by January 13, 2026, "of when Defendant's counsel will complete the privilege review process and produce a privilege log." (Text Order, ECF No. 207, Jan. 7, 2026; *see* 5th Am. Sched./Case Management Order, ECF No. 193 at 1, Oct. 20, 2025; Tr., ECF No. 209, Jan. 6, 2026.) Instead of complying with that order, the City requested an extension "until January 23 to submit a proposal to counsel concerning certain e-mails culled that they may agree to remove from the process voluntarily, and until February 7 to notify the court and counsel on a time-frame for preparing a privilege log." (Letter Mot., ECF No. 208, Jan. 13, 2026.) The Court granted the extension. (Text Order, ECF No. 210, Jan. 14, 2026.)

The Court then held a series of three additional discovery conferences in February and March 2026 addressing the still-nonexistent privilege log. (*See* Tr., ECF No. 224, Feb. 13, 2026 (discussing reducing timespan of emails to include in log); Tr., ECF No. 225, Feb. 19, 2026 (discussing responsiveness review of emails to include in log); Min. Entry, ECF No. 229, Mar. 5, 2026.) At the final conference, on March 5, 2026, the Court ordered the City to "produce the 72,000 emails that were

previously withheld as privileged or produce a privilege log" by March 31, 2026. (ECF No. 228.)

The City did not comply with that order or object to it under Rule 72(a) and instead filed the pending motion on March 31, 2026, for a protective order under Rule 26. (ECF No. 235.) The City requests that the Court relieve it of its obligation to produce a privilege log or in the alternative "establish[ ] specific terms for a limiting protocol on the privilege log to reduce the volume of responsive documents" or "allocat[e] . . . the expense associated with" producing a privilege log. (Mem. in Support of Mot. for Protective Order, ECF No. 235-2 at 3.) Although the deadlines for document and fact discovery are long expired, the City now asserts for the first time that producing a privilege log would be "unduly burdensome" because, in its view, "the initial disclosed search results have apparently proven of no value to the pursuit of the Plaintiffs' case." (*Id.*; *see* ECF No. 151 at 1; ECF No. 193 at 1.)

After receiving briefing on the City's motion, the Court held oral argument. (*See* Mem. in Opp'n, ECF No. 238, Apr. 14, 2026; Decl., ECF No. 239, Apr. 14, 2026; Reply, ECF No. 242, Apr. 29, 2026; Text Order, ECF No. 246, May 4, 2026; Min. Entry, ECF No. 250, May 26, 2026.) At oral argument, counsel for the City represented that he should have moved for relief when the parties were negotiating the search terms used to produce the emails at issue because, in his view, the search

terms were not well tailored. Counsel also stated that the withheld emails consisted of approximately 700,000 pages and that he had reviewed 10,000 of the pages for privilege in a two-day period.

Although the City has styled its pending motion as seeking a protective order, the motion is in fact one for reconsideration because it seeks to undo the Court's order, (ECF No. 228), requiring the City to produce a privilege log. *See, e.g., Burdick v. Kurilovitch*, No. 514CV1254BKSTWD, 2017 WL 11500491, at *9 (N.D.N.Y. June 16, 2017) (construing motion to conform the pleadings as a reconsideration motion because "the relief Plaintiff seeks is the restoration of his claims" that had been "dismissed *sua sponte* on initial review"). As an initial matter, the City has forfeited its request for a protective order by introducing the request in a motion for reconsideration without providing any reasonable excuse for not raising the request earlier. *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015). And the motion also fails on the merits because "[a] motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). The City fails to meet that standard because it does not point to any fact or law that the Court overlooked in ordering the production of a privilege log.

Moreover, even if the City's motion were not one for reconsideration, the Court would not grant a protective order because the City's motion is grossly untimely. Document discovery closed in July 2025, and the City acknowledged in September 2025—and presumably knew much earlier—that it must produce a privilege log. (*See* ECF No. 151 at 1; ECF No. 174; ECF No. 193 at 1; *see also* ECF No. 96-2 at 2.) Yet the City waited until March 31, 2026, to move for a protective order. (*See* ECF No. 235.) Indeed, the City's counsel admitted at oral argument that the City could have moved for a protective order long ago to limit the search terms that produced the emails at issue. Had the City done so—or better yet engaged in a two-way conversation with Plaintiffs about the search terms—the Court could have avoided expending limited judicial resources on numerous conferences and filings, including repeated extension requests from the City, concerning the privilege-log issue. (*See, e.g.*, ECF Nos. 174, 207, 208, 209, 210, 212, 224, 225, 228, 229.)

The time has now come—indeed it has passed—for the City to produce the withheld emails or a privilege log. Counsel for the City asserted at oral argument that approximately 700,000 pages of emails must be reviewed for privilege and that it took him two days to review approximately 10,000 pages. Based on that representation, the Court finds that approximately 690,000 pages remain to be reviewed at the

rate of 5,000 pages per attorney per day. The City's current budget allows its Law Department to employ 15.5 attorneys on a full-time basis. *See* https://stories.opengov.com/rochesterny/5f57c78a-ba3b-4c36-bc5a-02b19c048fbc/published/Otuahkc21?currentPageId=675b031f3cb302f51319085d (last visited June 5, 2026). Assuming 15.5 attorneys review the remaining documents at a rate of 5,000 pages per day, the City should complete its privilege review within 9 days. To allow sufficient time to complete that review and prepare the necessary privilege log, the Court grants the City 14 days from the date of this Decision and Order to produce the privilege log. The Court will look upon any request for an extension of this deadline with disfavor.

In sum, the Court denies the City's motion for a protective order, (ECF No. 235), and orders the City to produce the withheld emails or a privilege log within 14 days. Within 10 days of that production, Plaintiffs shall file motions, if any, responding to or objecting to the log and/or concerning this action's operative scheduling order.

**IT IS SO ORDERED.**

Dated:    June 5, 2026
          Rochester, NY          */s/ Mark W. Pedersen*
                                 MARK W. PEDERSEN
                                 United States Magistrate Judge

9