## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

**Kennetha Short and**
**Pernell Jones, Sr.,**

Plaintiffs,

v.

**City of Rochester,**

Defendant.

**DECISION and ORDER**

22-cv-6263-EAW-MJP

**Pedersen, M.J.** The Court previously ordered the City of Rochester to produce approximately 72,000 emails, which had resulted from searches for electronically stored information (ESI), or produce a privilege log for the withheld emails. (Text Order, ECF No. 228, Mar. 5, 2026; Dec. and Order, ECF No. 254, June 5, 2026.) The City eventually produced some of the documents and a privilege log for the remainder. Plaintiffs now move under Federal Rule of Civil Procedure 37(a)(3)(B)(iv) to compel production of a more detailed privilege log and under Rule 37(a)(5)(A) and 37(b)(2)(C) for an award of their expenses incurred in seeking this relief. (Mot. to Compel, ECF No. 256, June 29, 2026.) Because the City's privilege log does not enable Plaintiffs to discern whether the withheld documents are in fact privileged, the Court grants Plaintiffs' motion.

1

Initially the Court required the City to produce a privilege log or the withheld emails by March 31, 2026. (ECF No. 228.) Then, in denying relief from that order, the Court allowed the City an additional 14 days to make the required production. (ECF No. 254 at 9; *see* Mot. for Protective Order, ECF No. 235, Mar. 31, 2026.) The City then "produced 19,834 documents that it newly identified as nonprivileged" and "a log of the remaining 52,490 documents purportedly withheld on the basis of privilege." (Pls.' Mem. of Law in Supp. of their Mot. to Compel Def. to Produc. a Compliant Privilege Log at 4, ECF No. 256-1, June 29, 2026.)

In their present motion, Plaintiffs contend that the City's privilege log does not comply with Federal Rule of Civil Procedure 26(b)(5)(A)(ii) and Local Rule of Civil Procedure 26(d)(1)(B)(i). (*See* Notice of Mot. to Compel Def. to Produc. a Compliant Privilege Log at 1, Jun. 29, 2026, ECF No. 256; ECF No. 256-1.) According to Plaintiffs, the log lacks sufficient detail about the withheld documents' subject matter and the relationship between sender and recipient to establish that the documents are privileged. (ECF No. 256-1 at 5–6.) Also missing, Plaintiffs note, is an assessment of whether each attachment to a supposedly privileged email is also privileged. (*Id.* at 6–7.) In addition, Plaintiffs fault the City for logging emails, such as a

2

*Washington Post* newsletter, that appear neither relevant nor privileged. (*Id.* at 7–8.)

In support of their motion, Plaintiffs submit an excerpt of the privilege log as well as counsels' email exchange about the log. (Decl. of Madeline More Lane in Supp. of Pls.' Mot. to Compel Def. to Produc. a Compliant Privilege Log, ECF No. 257, June 29, 2026; Exh. B (Excerpt of Priv. Log), ECF No. 257-2, June 29, 2026; Exh. C (June 25, 2026, email), ECF No. 257-3, June 29, 2026.) The log excerpt contains entries listing the *Washington Post* newsletter; an email with "[No Subject]" line, without other information about the email's subject matter; emails with the subject lines "FW: Job posting for new position –" and "No 17," without other information about the emails' subject matter; and an attachment to the job posting email, without information about the attachment's subject matter. (ECF No. 257-2 at 2.) Counsels' email chain shows that Plaintiffs raised concerns about the privilege log's sufficiency; the City responded that it would "supplement the log" only as to "the limited number of" emails that Plaintiffs were to identify as relevant based on the emails' subject lines. (ECF No. 257-3 at 3-5.) According to the City, the listed subject lines "provide at a minimum enough information to identify the relevant versus irrelevant documents." (*Id.* at 3.) The City also noted in its email exchange that its "privilege review"

3

process "suggested" that "the vast majority" of documents listed in the privilege log are not relevant to this action. (*Id.*)

The City opposes Plaintiffs' motion to compel both procedurally and on the merits. (Mem. in Opp'n re Mot. to Compel Def. to Produc. a Compliant Privilege Log, ECF No. 260, July 13, 2026.) First, the City asserts that Plaintiffs did not "respond[ ] to the City's request that they identify the alleged non-compliant relevant items on the privilege log" and that Plaintiffs thus failed to confer with the City before moving to compel. (*Id.* at 8.) Second, the City contends that producing a more detailed log would be "overly burdensome" because, in the City's view, as many as 90% of the withheld documents are irrelevant to this action. (*Id.* at 5, 10–11.) Although the City acknowledges that it never sought a protective order as to the search terms that produced the "voluminous" number of irrelevant documents, it faults Plaintiffs for having proposed "obviously . . . too generic" "ESI search terms." (*Id.* at 5, 9; *see* Att'y Decl., ECF No. 260-1 at 4, July 13, 2026.) Likewise, the City blames the Court for supposedly "requir[ing] a privilege log for all withheld documents, regardless of their relevance." (ECF No. 260 at 10; *see* ECF No. 260-1 at 2–3, 5.)

In reply, Plaintiffs contend that the large number of ESI search results does not excuse the privilege log's deficiencies. (Pls.' Reply Br. in Supp. of their Mot. to Compel Def. to Produc. a Compliant Priv. Log,

ECF No. 272, July 20, 2026.) First, Plaintiffs note their extensive efforts to negotiate ESI search terms with the City. (*Id.* at 4–7.) Second, Plaintiffs argue that the privilege log need include only documents that are relevant to this action and that only the City, not Plaintiffs, is able and required to determine which withheld documents are relevant. (*Id.* at 7–9.) In further support of their motion, Plaintiffs submit an additional log excerpt containing entries listing another email with "[No Subject]" line, without other information about the email's subject matter; emails with the subject lines "Follow Up" and "RE: example council item?," without other information about the emails' subject matter; and eight attachments to the latter email, without information about the attachments' subject matter. (Decl. of Madeline More Lane in Supp. of Pls.' Reply in Supp. of their Mot. to Compel Def. to Produc. a Compliant Priv. Log, ECF No. 273, July 20, 2026; Exh. B (Excerpt of Priv. Log), ECF No. 273-2 at 2, July 20, 2026.)

As a threshold matter, the Court declines the City's invitation to deny Plaintiffs' motion to compel for failure to meet and confer. (*See* Mem. in Opp'n re Mot. to Compel Def. to Produc. a Compliant Privilege Log, ECF No. 260 at 8.) A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). And the

Court's local rules require "an affidavit showing that sincere attempts to resolve the discovery dispute have been made" and that "all related correspondence . . . be attached." W.D.N.Y. Civ. R. 7(d)(3). Plaintiffs did not submit a certification or affidavit concerning their efforts to resolve this discovery dispute without court action. (*See* ECF Nos. 256, 257, 272, 273.) But the City does not challenge Plaintiffs' lack of strict compliance with Rule 37(a)(1) and Local Rule 7(d)(3). (*See* ECF No. 260). Instead, conceding that Plaintiffs began conferring with the City about the privilege log, the City asserts that Plaintiffs failed to confer fully by not replying to the City's demand that they "identify the alleged non-compliant relevant items on the privilege log." (*Id.* at 8; *see* Exh. C (June 25, 2026, email), ECF No. 257-3 at 2–4.)

Contrary to the City's contention, Plaintiffs satisfied their duty to meet and confer in these circumstances because the City's demand was unreasonable. First, the City did not point Plaintiffs to any authority suggesting that the party seeking discovery has the burden of identifying which responsive documents are relevant, let alone to do so where, as here, the responsive documents have been withheld as privileged. (*See* Exh. C (June 25, 2026, email), ECF No. 257-3 at 2–4.) Second, even if authority supported that position, the City's scant log entries—e.g., "No Subject," "Job posting," "No 17," "Follow Up," and "example council item?"—would not have allowed Plaintiffs to discern the relevant

documents from the irrelevant. (Exh. B (Excerpt of Priv. Log), ECF No. 257-2 at 2; Exh. B (Excerpt of Priv. Log), ECF No. 273-2 at 2.) Given these circumstances, the numerous discovery conferences that the Court held concerning a privilege log, (*see* Tr., ECF No. 209, Jan. 6, 2026; Tr., ECF No. 224, Feb. 13, 2026; Tr., ECF No. 225, Feb. 19, 2026; Tr., ECF No. 277, Mar. 5, 2026), and "the extensive discovery disputes in this matter," the Court "deems Plaintiffs' meet-and-confer requirement satisfied," *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 n.16 (S.D.N.Y. 2016) ("find[ing] that any additional efforts by Plaintiffs to reach a compromise would have been futile"); *see also United States v. Acquest Transit LLC*, 319 F.R.D. 83, 89–90 (W.D.N.Y. 2017) (excusing lack of Rule 37(a)(1) certification where parties previously conferred and further "attempt to confer would be futile").

As for the merits, the City's log is deficient because it lacks "sufficient detail to demonstrate fulfillment of all the legal requirements for application of the" City's asserted "privilege[s]," *Consumer Fin. Prot. Bureau v. L. Offs. of Crystal Moroney, P.C.*, 63 F.4th 174, 185 (2d Cir. 2023) (quotation modified)—here, attorney client and work product, (*see* Pls.' Mem. of Law in Supp. of their Mot. to Compel Def. to Produc. a Compliant Privilege Log at 4, ECF No. 256-1 at 5–6; Exh. B (Excerpt of Priv. Log), ECF No. 257-2 at 2; Exh. B (Excerpt of Priv. Log), ECF No. 273-2 at 2). To sustain its burden, the City needed to disclose "the general

subject matter of" the allegedly privileged documents and "where not apparent, the relationship of the author, addressees, and recipients to each other," W.D.N.Y. Civ. R. 26(d)(1)(B)(i); *see L. Offs. of Crystal Moroney*, 63 F.4th at 185 (recognizing that "of course, the burden is on the party invoking the privilege") (quotation modified). But the sparse information provided—subject lines such as "No Subject," "Job posting," "No 17," "Follow Up," and "example council item?," (Exh. B (Excerpt of Priv. Log), ECF No. 257-2 at 2; Exh. B (Excerpt of Priv. Log), ECF No. 273-2 at 2)—do not enable Plaintiffs "to assess the claim[s] of privilege," Fed. R. Civ. P. 26(b)(5)(A)(ii). Nor is the "relationship" between the documents' sender and recipient "apparent" from the City's log. W.D.N.Y. Civ. R. 26(d)(1)(B)(i)(d). Moreover, as the City does not dispute, (*see* Pls.' Mem. of Law in Supp. of their Mot. to Compel Def. to Produc. a Compliant Privilege Log at 4, ECF No. 256-1 at 6–7; *see generally* Mem. in Opp'n re Mot. to Compel Def. to Produc. a Compliant Privilege Log, ECF No. 260; Att'y Decl., ECF No. 260-1), it needed to demonstrate that an email attachment is privileged even when the underlying email is privileged, *see Durling v. Papa John's Int'l, Inc.*, No. 16CIV3592CSJCM, 2018 WL 557915, at *8 (S.D.N.Y. Jan. 24, 2018) (rejecting argument "that any attachment to a privileged e-mail is *automatically* privileged" and explaining that "[w]hether an attachment to a privileged e-mail is itself privileged will depend on the circumstances").

8

Although the City asserts that approximately 90% of the withheld documents are irrelevant to this action and that requiring a more detailed privilege log would thus be "overly burdensome," (ECF No. 260 at 5, 10–11), a privilege log need list only those documents that are relevant and thus "otherwise discoverable under Rule 26(b)(1)," *Lively v. Skyline Agency LLC*, No. 25-MC-347 (LJL), 2025 WL 2532796, at *3 (S.D.N.Y. Sept. 3, 2025) (quotation modified). "[D]ocuments [that] are irrelevant and therefore not otherwise discoverable . . . are not required to be placed on a privilege log." *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (quotation modified). Indeed, the City's "agreement to run search terms [did] not waive its right to review the resulting documents for relevance so long as the review [could] be done in a reasonably timely manner." *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, 339 F.R.D. 275, 277 (W.D. Wash. 2021); *accord, Spivey v. BP Expl. & Prod. Inc.*, No. CV 18-12878, 2024 WL 5246598, at *5 (E.D. La. Dec. 30, 2024); *Singleton v. Mazhari*, No. 22-CV-2554-GLR, 2024 WL 1140691, at *3 (D. Md. Mar. 14, 2024). Contrary to the City's contention, (ECF No. 260 at 10; ECF No. 260-1 at 2–3, 5), the Court did not previously order the City to produce irrelevant documents or to list irrelevant documents in its privilege log, (*see* Text Order, ECF No. 228; Dec. and Order, ECF No. 254). To allow sufficient time to prepare a compliant privilege log,

the Court grants the City 14 days from the date of this Decision and Order to produce a revised log.

Finally, as the City does not dispute, (*see generally* ECF No. 260), Plaintiffs, the prevailing party on their motion to compel, are entitled to an award of their "reasonable expenses incurred in making the motion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(A). Within 21 days of this Decision and Order, the parties shall meet and confer regarding the amount due to Plaintiffs. If the parties reach an agreement, they shall file a stipulation and joint proposed order. If the parties cannot reach an agreement, Plaintiffs shall submit, within 28 days of this Decision and Order, an accounting of their relevant expenses, supported by contemporaneous billing records; the City may file a response to that accounting within 35 days of this Decision and Order. Accordingly, the Court hereby

ORDERS the City to produce a compliant privilege log within 14 days of the date of this Decision and Order; and further

ORDERS the parties to meet and confer, within 21 days of this Decision and Order, concerning the reasonable expenses incurred in making this motion to compel and file a stipulation and joint proposed order if agreement is reached. In the alternative, if the parties cannot reach an agreement, Plaintiffs shall submit, within 28 days of this Decision and Order, an accounting of their relevant expenses, supported by

10

contemporaneous billing records; the City may file a response to that accounting within 35 days of this Decision and Order.

**IT IS SO ORDERED.**

Dated:     August 7, 2026
           Rochester, NY         */s/ Mark W. Pedersen*
                              MARK W. PEDERSEN
                              United States Magistrate Judge