# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**Kennetha Short and Pernell Jones, Sr.,**

Plaintiffs,

v.

**City of Rochester,**

Defendant.

**ORDER and OPINION**

22-cv-6263-EAW-MJP

**Pedersen, M.J.** Plaintiffs move for sanctions and attorney fees concerning the City of Rochester's production, or lack thereof, of certain materials in discovery. (Mot. for Sanctions, ECF No. 215, Feb. 19, 2026.) As explained below, the Court grants in part and denies in part the requested relief.

The present motion follows from Plaintiffs' August and October 2025 discovery motions. First, in August Plaintiffs moved to compel responses to several requests for production and for adverse-inference sanctions based on the City's failure to produce the requested materials. (Letter Mot., ECF No. 161, Aug. 8, 2025; Mot. for Sanctions, ECF No. 162, Aug. 8, 2025.) Specifically, Plaintiffs sought the following:

> (1) "[i]n-service training materials for RPD [Rochester Police Department] officers" on specified topics,
>
> (2) "[q]ualifications and certifications for service weapon and less-lethal weapons

> trainings attended by the officers present at the shooting of Tyshon Jones (the 'Involved Officers'),"
>
> (3) "Professional [D]evelopment [S]ection ('PDS') files and evaluations for the Involved Officers," and
>
> (4) "electronically stored information ('ESI')" responsive to certain requests for production.

(Deficiency Letter, ECF No. 163-1 at 2–4, July 23, 2025; *see* ECF No. 161 at 1–2.) Second, after the City produced certain ESI, Plaintiffs moved in October to compel a privilege log for documents omitted from that production. (Mot. to Compel, ECF No. 194 at 3, Oct. 31, 2025.)

The Court addressed these discovery motions in January 2026. (Text Order, ECF No. 207, Jan. 7, 2026; Text Order, ECF No. 212, Jan. 28, 2026.) The Court ordered the City to produce the following by February 12, 2026, later extending that deadline to March 4, 2026:

> (1) "the names of and contact information for those individuals and/or organizations" "who provided the [in-service] trainings at issue";
>
> (2) "the documents that were used to compile the table of [weapons] qualification scores that Defendant produced"; and
>
> (3) officer evaluations or, if unavailable, "an affidavit clarifying whether" they "existed at one time and, if so, when and how each such document was destroyed."

(ECF No. 212 (quotations modified); *see* Mot. for Extension of Time, ECF No. 217, Feb. 19, 2026; Text Order, ECF No. 223, Feb. 24, 2026.) The Court denied without prejudice the request for related adverse-inference

sanctions. (ECF No. 212; *see* Mot. for Sanctions, ECF No. 162, Aug. 8, 2025.) As for ESI, the Court ordered the City by February 4, 2026, to "provide an estimate of when" it would "complete the privilege review process and produce a privilege log." (Text Order, ECF No. 207, Jan. 7, 2026; Text Order, ECF No. 210, Jan. 14, 2026; *see* Letter Mot. for Extension of Time to File Resp./Reply, ECF No. 208, Jan. 13, 2026.)

The City then produced additional responsive material concerning in-service trainings, weapons qualifications, and officer evaluations. Specifically, the City provided the name and last known address of "the individual most likely to have information" about eight in-service trainings, informed Plaintiffs that it could not locate any "additional information" about the other trainings, and provided additional information about weapons qualifications. (Ex. C to Decl., ECF No. 237-3 at 3–4, Mar. 3, 2026; *see* Decl. Signed by Lt. Michael Ciulla, ECF No. 218 at 1–2, Feb. 19, 2026; Decl. Signed by Patrick B. Naylon, ECF No. 227, Mar. 3, 2026.) The City also provided an affidavit concerning officer evaluations: Michael Ciulla, the commanding officer of the Rochester Police Department's Professional Development Section ("PDS"), averred that "from my perspective as commander of PDS, if an evaluation is not in a file for any particular reporting period, my assumption is no evaluation was completed for that period." (ECF No. 218 at 3.)

The City did not, however, comply with the order to "provide an estimate" by February 4, 2026, of when it would "complete the privilege review process and produce a privilege log." (Text Order, ECF No. 210, Jan. 14, 2026.) Instead, the City informed Plaintiffs that the "review would literally take months and months" and proposed limiting the number of documents that it would review for privilege. (Ex. 3 to Decl., ECF No. 216-3 at 4–5, Feb. 2, 2026.) The City did not provide an estimate of when it would complete that more limited review and produce a privilege log. (*See id.* at 2–6.) Accordingly, the Court ordered the City in March to produce the withheld ESI or a privilege log and eventually ordered production of a more-compliant log, awarding Plaintiffs their reasonable expenses incurred in moving to compel the more-compliant log. (Text Order, ECF No. 228, Mar. 5, 2026; Mot. to Compel, ECF No. 256, June 29, 2026; Order Granting Mot. to Compel, ECF No. 278, Aug. 7, 2026; Order Granting Stipulation Regarding Pls.' Reasonable Expenses, ECF No. 290, Sept. 1, 2026.)

Meanwhile, shortly after the initial February 12, 2026, deadline for producing materials concerning in-service trainings, weapons qualifications, and officer evaluations, Plaintiffs filed the pending sanctions motion. (Mot. for Sanctions, ECF No. 215, Feb. 19, 2026; *see* Text Order, ECF No. 212, Jan. 28, 2026.) Plaintiffs argue that the City violated the January 2026 discovery orders by neither producing responsive

documents nor providing an estimate of when it would produce a privilege log. (ECF No. 215 at 2; Mem. in Supp., ECF No. 215-1 at 7–12, Feb. 19, 2026; *see* Text Order, ECF No. 207, Jan. 7, 2026; Text Order, ECF No. 210, Jan. 14, 2026; Text Order, ECF No. 212, Jan. 28, 2026.) They seek the following adverse inferences under Federal Rule of Civil Procedure 37(b)(2)(A)(i):

> (1) "that the City's failure to produce in-service training materials . . . establish[es] that RPD officers, including the Involved Officers, did not receive any training in any of the specific areas (identified in Plaintiffs' June 6, 2024[,] email to the City . . .) for the relevant period of 2015 to 2023";
>
> (2) "that the City's failure to produce personnel files and evaluations for an Involved Officer . . . establish[es] that RPD did not evaluate the Involved Officer during any period(s) for which an evaluation was not produced"; and
>
> (3) "that, to whatever extent the City has failed to produce training certifications for less-lethal weapons and service weapon qualifications for the Involved Officers, it is established that none of the Involved Officers were certified in the use of less-lethal weapons or service weapons between 2020 and 2023."

(ECF No. 215 at 1–2.) Additionally, Plaintiffs seek an award under Rule 37(a)(5)(A) and (b)(2)(C) of their expenses incurred in bringing their August 2025 discovery motions and their expenses incurred due to the City's noncompliance with the January 2026 orders. (ECF No. 215 at 2; *see* ECF No. 215-1 at 7, 12–13.)

The City opposes Plaintiffs' sanctions motion. (Mem. in Opp'n re Mot. for Sanctions, ECF No. 234, Mar. 19, 2026.) The City contends that it has complied with the Court's orders by producing responsive materials and that Plaintiffs have not shown "willful non-compliance" by the City. (*Id.* at 3–5.)

In reply Plaintiffs concede that the City has produced the requested information concerning weapons qualifications and that a related adverse inference is no longer necessary. (Reply to Resp. to Mot. re Mot. for Sanctions, ECF No. 236 at 4 n.2, Apr. 7, 2026.) But they maintain that the other sanctions remain appropriate because, in Plaintiffs' view, the City lacks "any explanation for its non-compliance that indicates anything other than willfulness." (*Id.* at 11.)

For the following reasons, the Court grants in part and denies in part the requested adverse-inference sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i). "If a party . . . fails to obey an order to provide or permit discovery," that rule permits the Court, in its discretion, to "direct[ ] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(i); *see, e.g.*, *Funk v. Belneftekhim*, 861 F.3d 354, 365 (2d Cir. 2017) (recognizing "imposition of Rule 37 discovery sanctions" as discretionary).

The Court grants the requested adverse inference sanction concerning officer evaluations because the City has effectively conceded the requested inference. Plaintiffs seek an order "that the City's failure to produce personnel files and evaluations for an Involved Officer . . . establish[es] that RPD did not evaluate the Involved Officer during any period(s) for which an evaluation was not produced." (Mot. for Sanctions, ECF No. 215 at 1, Feb. 19, 2026.) The City has admitted this point by producing Ciulla's declaration averring that, as commander of the Professional Development Section, he assumes that "if an evaluation is not in a file for any particular reporting period," then "no evaluation was completed for that period." (Decl. Signed by Lt. Michael Ciulla, ECF No. 218 at 3, Feb. 19, 2026.) Given that the City did not produce the missing evaluations as ordered, (*see* Text Order, ECF No. 212, Jan. 28, 2026), the Court directs that the requested inference be taken as established under Rule 37(b)(2)(A)(i).

The Court declines, however, to impose the other requested adverse inference sanctions. First, as mentioned, Plaintiffs concede that they no longer seek an adverse inference under Rule 37(b) concerning weapons qualifications. (*See* Reply to Resp. to Mot. re Mot. for Sanctions, ECF No. 236 at 4 n.2, Apr. 7, 2026.) Second, directing the inference that officers "did not receive any training in any of the specific areas . . . for the relevant period," (Mot. for Sanctions, ECF No. 215 at 1, Feb. 19,

2026), would be unduly harsh given the City's attempted compliance with the order to provide "the names of and contact information for" the in-service training providers, (Text Order, ECF No. 212, Jan. 28, 2026; *see* Mot. for Sanctions, ECF No. 215 at 1, Feb. 19, 2026). The City did not comply with that order by the initial February 2026 deadline because of a purported calendaring error, but it obtained an extension and produced some responsive material the next month. (ECF No. 212; *see* Mot. for Extension of Time, ECF No. 217, Feb. 19, 2026; Text Order, ECF No. 223, Feb. 24, 2026; Ex. C to Decl., ECF No. 237-3 at 3–4, Mar. 3, 2026.) Given these circumstances, an adverse inference sanction concerning in-service trainings would be excessive, although the City may not rely on evidence concerning such trainings insofar as it failed to produce that evidence in discovery or in response to Plaintiffs' motion to compel. *See Funk*, 861 F.3d at 366 (listing as relevant "factors" "[i]n imposing Rule 37 sanctions" "the willfulness of the non-compliant party or the reason for noncompliance" and "the duration of the period of noncompliance") (quotation modified).

Finally, as the City does not dispute, Plaintiffs are entitled to an award of their reasonable expenses under Rule 37(a)(5)(A) and (b)(2)(C). (*See generally* Mem. in Opp'n re Mot. for Sanctions, ECF No. 234, Mar. 19, 2026.) First, Plaintiffs, as the prevailing party on the August 2025 motion to compel, (Letter Mot., ECF No. 161, Aug. 8, 2025),

are entitled to their "reasonable expenses incurred in making the motion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(A). Second, given the City's failure to comply with the Court's order to "provide an estimate" by February 4, 2026, of when" the City would "complete the privilege review process and produce a privilege log," (Text Order, ECF No. 210, Jan. 14, 2026; *see* Text Order, ECF No. 207, Jan. 7, 2026), Plaintiffs are entitled to their "reasonable expenses, including attorney's fees, caused by the failure," Fed. R. Civ. P. 37(b)(2)(C). Within 21 days of this Decision and Order, the parties shall meet and confer regarding the amount due to Plaintiffs. If the parties reach an agreement, they shall file a stipulation and joint proposed order. If the parties cannot reach an agreement, Plaintiffs shall submit, within 28 days of this Decision and Order, an accounting of their relevant expenses, supported by contemporaneous billing records; the City may file a response to that accounting within 35 days of this Decision and Order. Accordingly, the Court hereby

DIRECTS, in accordance with Federal Rule of Civil Procedure 37(b)(2)(A)(i), that for purposes of this action the City's failure to produce personnel files and evaluations for an Involved Officer establishes that the Rochester Police Department did not evaluate the Involved Officer during any period for which an evaluation was not produced; and

ORDERS the parties to meet and confer, within 21 days of this Decision and Order, concerning the reasonable expenses described above and file a stipulation and joint proposed order if agreement is reached. In the alternative, if the parties cannot reach an agreement, Plaintiffs shall submit, within 28 days of this Decision and Order, an accounting of their relevant expenses, supported by contemporaneous billing records; the City may file a response to that accounting within 35 days of this Decision and Order.

**IT IS SO ORDERED.**

Dated: September 10, 2026
Rochester, NY

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge